Citation Nr: 1722238 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 16-59 341 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUE

Entitlement to an evaluation in excess of 50 percent for service-connected bilateral sensorineural hearing loss.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

K. Hubers, Associate Counsel


INTRODUCTION

The Veteran served on active duty from March 1950 to December 1953.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona.

The Veteran initially requested a Board hearing. In an December 2016 submission, the Veteran withdrew the request for a hearing and, therefore, the Board may proceed to the merits without a hearing. 38 C.F.R. § 20.702(e) (2016).

It was noted in the substantive appeal that the Veteran is seriously ill. The Board understands that the adjudication process has been difficult and that his performance on audiological testing (e.g., the poor reliability of the private testing) was likely influenced by his illness. While the Board must make a decision on the available evidence and ratings for hearing loss are generally based on objective audiological testing, the Veteran should understand that the Board recognizes and has considered, to the extent possible, the adverse effects of his poor health.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

Audiometric testing establishes that the Veteran has, at worst, level VIII hearing in the right ear and level VIII hearing in the left ear.


CONCLUSION OF LAW

The criteria for an evaluation in excess of 50 percent for bilateral hearing loss have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.1, 4.2, 4.7, 4.85, 4.86, Diagnostic Code 6100 (2016).



REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has thoroughly reviewed all the evidence in the Veteran's VA files. In every decision, the Board must provide a statement of the reasons or bases for its determination, adequate to enable an appellant to understand the precise basis for the Board's decision, as well as to facilitate review by the Court. 38 U.S.C. § 7104(d)(1); see Allday v. Brown, 7 Vet.App. 517, 527 (1995). Although the entire record must be reviewed by the Board, the Court has repeatedly found that the Board is not required to discuss, in detail, every piece of evidence. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000); Dela Cruz v. Principi, 15 Vet. App. 143, 149 (2001) (rejecting the notion that the Veterans Claims Assistance Act mandates that the Board discuss all evidence). Rather, the law requires only that the Board address its reasons for rejecting evidence favorable to the appellant. See Timberlake v. Gober, 14 Vet. App. 122 (2000). The points below focus on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The appellant must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake, infra. 

The regulations pertinent to this decision were initially provided to the Veteran in the November 2016 Statement of the Case. Since he has had adequate notice of the pertinent laws, they will not be repeated here.

During the relevant period, the Veteran has been assigned a 50 percent disability rating for his service-connected bilateral hearing loss. He claims entitlement to a rating in excess of 50 percent.

Disability ratings are determined by the application of a schedule of ratings, which is based on average impairment of earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. In considering the severity of a disability, it is essential to trace the medical history of the Veteran. 38 C.F.R. §§ 4.1, 4.2, 4.41 (2016). Also, "staged" ratings are appropriate for an increased rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. Hart v. Mansfield, 21 Vet. App. 505 (2007).

Disability ratings for hearing loss generally must be based on objective audiometric testing of puretone threshold averages and controlled speech discrimination testing (Maryland CNC) by a state-licensed audiologist. 38 C.F.R. § 4.85(a). Under 38 C.F.R. § 4.85(d), the puretone threshold average is the sum of the puretone thresholds at 1000, 2000, 3000 and 4000 Hertz divided by four. These averages, together with the speech recognition ability, are combined pursuant to 38 C.F.R. § 4.85, Table VI, to obtain a Roman numeral designation.

In some circumstances, the rating specialist may use Table VIa instead of Table VI. Specifically, Table VIa may be used where the examiner certifies that use of the speech discrimination test was not appropriate because of language difficulties, inconsistent speech discrimination scores, etc., or when indicated under the provisions of 38 C.F.R. § 4.86. See 38 C.F.R. § 4.85(c). Also, in cases presenting exceptional patterns of hearing impairment, a rating specialist may use Table VIa. 38 C.F.R. § 4.86. Exceptional patterns of hearing impairment include circumstances where the hearing thresholds are 55 decibels or more in each of the four frequencies from 1000 to 4000 Hertz or where a veteran has a hearing threshold of less than 30 decibels or less at 1000 Hertz and 70 decibels or more at 2000 Hertz. 38 C.F.R. § 4.86.

As noted above, disability ratings for hearing loss are generally based on objective testing by a state-licensed audiologist. The record contains no evidence that the Veteran is a licensed audiologist and, moreover, he has not provided any audiometric testing results of his own. For these reasons, the Board finds that his assertions are not competent evidence of his degree of hearing loss. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). The Board has considered his subjective complaints in light of the medical evidence of record.

The record contains the results of several VA audiological examinations and a private audiological evaluation.

In a March 2011 VA audiological examination (the most recent examination prior to the period on appeal), the Veteran had puretone threshold averages of 62.5 db in the right ear and 65 db in the left ear with 92 percent Maryland CNC word list speech recognition scores in each ear. 

Using Table VI, the Roman numeral designation for the right ear is level II hearing and for the left ear is level II hearing. Using those Roman numeral designations and Table VII to obtain a percentage evaluation would result in a noncompensable rating for the Veteran's bilateral hearing disability. See 38 C.F.R. § 4.85 Table VII.

In a December 2014 VA audiological examination, the Veteran had puretone threshold averages of 73.75 db in the right ear and 71.5 db in the left ear with Maryland CNC word list speech recognition scores of 56 percent in the right ear and 52 percent in the left ear. 

Using Table VI, the Roman numeral designation for the right ear is level VIII hearing and for the left ear is level VIII hearing. The Veteran has an exceptional patter of hearing loss, so Table VIa must also be used. The Roman numeral designations are VI for the right and VI for the left. Using the Table VI Roman numeral designations (because they are higher) and Table VII to obtain a percentage evaluation would result in a 50 percent rating for the Veteran's bilateral hearing disability. See 38 C.F.R. § 4.85 Table VII.

In a June 2016 VA audiological examination, the Veteran had puretone threshold averages of 69 db in the right ear and 71 db in the left ear with Maryland CNC word list speech recognition scores of 64 percent in the right ear and 84 percent in the left ear.

Using Table VI, the Roman numeral designation for the right ear is level VII hearing and for the left ear is level III hearing. The Table VIa Roman numeral designation for the left ear (which had an exceptional patter of hearing impairment) is level VI. Using the higher of Table VI and Table VIa Roman numeral designations and using Table VII to obtain a percentage evaluation would result in a 30 percent rating for the Veteran's bilateral hearing disability. See 38 C.F.R. § 4.85 Table VII.

In an August 2016 private audiological evaluation, the Veteran had puretone threshold averages of 86.25 db in the right ear and 88.75 db in the left ear. The Veteran's speech recognition scores were 40 percent in the right ear and 44 percent in the left ear; however, the report notes the W-22 word list was used. The examiner noted the testing reliability was poor due to inconsistent responses. Because testing reliability was poor and the audiologist did not test speech recognition using the Maryland CNC word list, the private audiological test is not sufficient for rating purposes. The Board notes, however, that using Table VIa (given the lack of Maryland CNC word list speech recognition scores), the Roman numeral designations for the both ears would be level VIII hearing. Using those Roman numeral designations and Table VII to obtain a percentage evaluation would result in a 50 percent rating for the Veteran's bilateral hearing disability. See 38 C.F.R. § 4.85 Table VII.

In short, the results of audiological testing indicate, at most, there is level VIII hearing in both the right and left ears which does not warrant a rating in excess of 50 percent.

The greater weight of the medical evidence is against granting a disability rating in excess of 50 percent for the Veteran's bilateral hearing disability during any portion of the appeal period. The evidence is not in equipoise, so the benefit-of-the-doubt rule does not apply. Gilbert, 1 Vet. App. at 53-56. Accordingly, the Veteran's claim for an evaluation in excess of 50 percent for sensorineural bilateral hearing loss is denied.

Extraschedular

The Board has considered whether an extraschedular evaluation is warranted for the Veteran's bilateral hearing loss. The threshold factor for extraschedular consideration is a finding that the evidence before VA presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Therefore, initially, there must be a comparison between the level of severity and symptomatology of the claimant's service-connected disability with the established criteria found in the rating schedule for that disability. Thun v. Peake, 22 Vet. App. 111, 118-19 (2008).

Under the approach prescribed by VA, if the criteria reasonably describe the claimant's disability level and symptomatology, then the claimant's disability picture is contemplated by the rating schedule, the assigned schedular evaluation is, therefore, adequate, and no referral is required. In the second step of the inquiry, however, if the schedular evaluation does not contemplate the claimant's level of disability and symptomatology and is found inadequate, the RO or Board must determine whether the claimant's exceptional disability picture exhibits other related factors such as those provided by the regulation as "governing norms." 38 C.F.R. 3.321(b)(1) (related factors include "marked interference with employment" and "frequent periods of hospitalization"). When the rating schedule is inadequate to evaluate a claimant's disability picture and that picture has related factors such as marked interference with employment or frequent periods of hospitalization, then the case must be referred to the Under Secretary for Benefits or the Director of the Compensation and Pension Service for completion of the third step-a determination of whether, to accord justice, the claimant's disability picture requires the assignment of an extraschedular rating. Id. 

Turning to the first step of the extraschedular analysis, the Board finds that the symptomatology and impairments caused by the Veteran's service-connected hearing loss are specifically contemplated by the schedular rating criteria, and no referral for extraschedular consideration is required. The greater weight of the evidence establishes that the Veteran's disability picture during the period under consideration is adequately contemplated by the applicable schedular rating criteria, which have been discussed above with respect to the issue on appeal. 

The Veteran has not expressly raised the matter of entitlement to an extraschedular rating, but has argued that his difficulties hearing and understanding speech in noisy environments warrants a higher rating. See, e.g., April 2017 Appellant's Brief. In any case, the Board has considered whether the criteria for higher schedular ratings were met, but, as discussed in the merits section above, the Veteran's symptoms most closely approximate, and are adequately described by, the rating criteria for the assigned ratings. The Board finds no evidence that his occupational and functional impairments were greater than those with symptoms of the same or similar type and severity. 

In particular, the Veteran claims that testing in the "sterile quiet of an audiology booth...does not reflect the severity of his condition in the aspect of normal, daily life." April 2017 Appellant's Brief. However, as the United States Court for Veterans Claims has recognized, "the rating criteria for hearing loss contemplate the functional effects of difficulty hearing and understanding speech". Doucette v. Shulkin, -- Vet.App. --, 2017 WL 877340 *5 (Mar. 6, 2017). The Veteran has primarily alleged that a higher rating is warranted because of his difficulties hearing and discerning speech, particularly in noisy environments. These functional effects are contemplated by the schedular rating criteria, so do not warrant extraschedular consideration. Id.

The Board finds that the rating schedule is adequate, even in regard to the collective and combined effect of all of the Veteran's service-connected disabilities (tinnitus and bilateral hearing loss with noncompensable ratings for residual scar and malignant melanoma), and that referral for extraschedular consideration is not warranted under the circumstances of this case. Johnson v. McDonald, 762 F.3d 1362, 1365-66 (Fed. Cir. 2014). The evidence is against finding that the combination of his service-connected disabilities produces a disability level or symptomatology that is not reasonably described by the schedular rating criteria.

Duties to Notify and Assist

After a review of the entire record, the Board has determined that VA has satisfied its duties to notify and assist.

a. In this case, the Veteran filed his claim using VA Form 21-526EZ for fully developed claims. The fully developed claim form includes notice to the Veteran of what evidence is required to substantiate a claim, as well as the Veteran's and VA's respective duties for obtaining evidence. 
b. VA's duty to assist was satisfied. The Veteran's claims file contains all relevant documents including his service treatment/personnel records (though some were unavailable), VA treatment records, and lay statements from the Veteran and his representative. Adequate attempts were made to obtain other relevant records the Veteran identified. 
c. The Veteran was afforded VA examinations. The examiners reviewed the Veteran's claims file, conducted a physical examination, and performed appropriate testing. The Board finds that these examinations and their associated reports are adequate. Neither the Veteran nor his representatives have argued that the examinations are inadequate or that further examinations are necessary to decide this matter. See April 2017 Appellant's Brief.


ORDER

Entitlement to an evaluation in excess of 50 percent for service-connected bilateral sensorineural hearing loss is denied.


____________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs